## CAL HEIDELBERG V. THE STATE.

No. 2642. Decided October 15, 1913.

**1.—Murder—Bill of Exceptions—Argument of Counsel.**

In the absence of a bill of exceptions, objections to the argument of counsel can not be considered on appeal.

**2.—Same—Insufficiency of the Evidence—Practice on Appeal.**

Where the cause is reversed and remanded on other grounds, the insufficiency of the evidence will not be discussed.

**3.—Same—Manslaughter—Charge of Court.**

Where the evidence did not raise the issue of manslaughter, there was no error in the court's failure to charge thereon.

**4.—Same—Murder in Second Degree—Charge of Court.**

Where, upon trial of murder and a conviction of murder in the first degree, the evidence was not sufficiently cogent to exclude murder in the second degree, the court should have submitted that degree of murder, and his failure to do so was reversible error. Following Blocker v. State, 27 Texas Crim. App., 16, and other cases.

Appeal from the District Court of Newton. Tried below before the Hon. A. E. Davis.

Appeal from a conviction of murder in the first degree; penalty, imprisonment for life in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

DAVIDSON, JUDGE.—Appellant raised four questions on motion for new trial. The first can not be considered in the absence of bill of exceptions. This is with reference to argument of counsel for the State. We are unable to ascertain what the language was or the conditions that surrounded it. Another proposition is that the evidence is insufficient. It is not the purpose of this opinion to discuss that matter as the case will go again before a jury. Another proposition is, the court erred in failing to charge on manslaughter. As this record is presented to us we are of opinion that this phase of the law was not called for by the facts.

The remaining proposition is the court erred in not submitting the law of murder in the second degree. This case was tried in the early part of this year and under the old law of murder. We are of opinion the judgment should be reversed for the failure of the court to submit that phase of the law. The evidence shows that on the evening of the homicide, an hour and a half or two hours prior thereto, there had been trouble between the defendant and deceased; they had separated. Just preceding the fatal encounter the defendant came to where French, Simms, Spikes and Marshall were standing in front of a house. When defendant came up he asked deceased if he had his gun, and was answered in the negative. Deceased asked the defendant if he had one, and defendant told him no. Then appellant asked deceased if he was going to pay him for his mall or give him some satisfaction. Deceased replied that his mall was all right, and said, "That is just enough said to get a good man killed, you or me one." Defendant said he need not get hot about it, and shot. The first shot missed; appellant snapped his pistol and fired again. The witnesses differ to some extent as to the real position of the parties at the time of the shooting. All the witnesses seem to indicate practically, if not in fact, that when the conversation began and until after the first shot the parties were facing each other, and at the time the second shot was fired deceased had partially turned; at least this is the State's contention, and when the second shot was fired it entered the body of deceased just above the hip and between the median line down the side and the back something like perhaps half-way between the backbone and the median line drawn down the side. This shot proved fatal. Appellant's contention, however, is to the contrary, that deceased was not leaving, and that he thought deceased was drawing a pistol. There is no question that the left hand of deceased was in his pocket at the time defendant approached. Some of the testimony goes to show that both hands of deceased were in his pocket at the time appellant reached the parties and before the conversation between deceased and appellant began. To put it tersely, the State's contention was that after the first shot deceased was trying to leave or was leaving, and appellant's contention was that he was afraid deceased was going to kill him, and that was the reason he fired both shots. The witness Spikes testified with reference to the position of the hands of deceased, as follows: "He was standing in this position (indicating) with his hands in his pockets. He had his

hands in his pockets when ·Cal walked up, and he stayed in the same position until the second shot was made, and he wheeled his side to him." With reference to the conversation, appellant testified, "We were standing face to face, and he says, 'I will tell you one thing about that mall,— you have done said enough about it to get killed,' and when he said that I shot and shot again. I shot him because I thought he was going to shoot me. That is why I shot him." There was some contention about the price of a mall; appellant thought the deceased ought to pay him for the mall, and deceased seemed rather averse to doing so, and this brought up the conversation an hour or two before the killing, and also at the time of the killing.

Under this state of facts we are of opinion that a charge on murder in the second degree was demanded. The jury gave appellant a life sentence for murder in the first degree. The court charged murder in the first degree and self-defense. The thoroughly settled rule in this State, with reference to this question, may be thus stated, that in order to justify the court in failing to charge on murder in the second degree, the evidence must be sufficiently cogent to exclude murder in the second degree, and unless the evidence is so cogent it is requisite that the charge on murder in the second degree be given. The authorities are so numerous and so in harmony with each other we deem it unnecessary to refer to them, but many of the cases will be found collated in Blocker v. State, 27 Texas Crim. App., 16; see also Benevidas v. State, 14 Texas Crim. App., 378.

For the failure of the court to charge on murder in the second degree the judgment is reversed and the cause is remanded.

*Reversed and remanded.*